UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONY ORTIZ MALDONADO,

      Petitioner,

v.

                                   Case No.:  2:26-cv-00905-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH *et al.*,

      Respondents,

---

## OPINION AND ORDER

Before the Court are Rony Ortiz Maldonado's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6).  For the below reasons, the Court grants the petition.

Ortiz Maldonado is a 20-year-old native and citizen of Guatemala who entered the United States as a child on September 27, 2016, to join his family, which includes two U.S. citizen siblings.  Ortiz Maldonado claims—but the government cannot confirm—that he was paroled into the country.  On July 26, 2024, an asylum officer commenced removal proceedings by issuing a notice to appear.  On March 21, 2026, Ortiz Maldonado completed a three-month jail sentence for driving under the influence—he has no other criminal history. Immigration and Customs Enforcement ("ICE") took custody of Ortiz Maldonado at the jail and detained him at Alligator Alcatraz, where he

remains without an opportunity to seek release on bond. Ortiz Maldonado's next immigration hearing is scheduled for March 2, 2028.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Ortiz Maldonado. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Ortiz Maldonado asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. The Court rejected that argument in cases that presented the same issue, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

The respondents argue this case is distinct because Ortiz Maldonado was paroled into the country. Applying § 1225(b)(2) to noncitizens years after they were paroled into the country does not comport with the policy justification for treating noncitizens in the country differently than those seeking entry. As the Supreme Court observed, "our immigration laws have long made a

2

distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality.  In the latter instance the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'"  *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953)); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

Ortiz Maldonado's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Ortiz Maldonado has a right to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) and the Eighth Circuit's decision in *Herrera Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. 2026), which agreed with the government's interpretation of the INA.  The decisions are not binding here, and they contradict the vast majority of district court opinions addressing the issue.  The Court respectfully disagrees with the majorities' reasoning and finds Judge Douglas's and Judge Erickson's dissents more persuasive.  And a circuit split is likely.  In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits.  *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

The Court will thus order the respondents to either bring Ortiz Maldonado before an immigration judge for an individualized bond hearing within ten days or release him. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Ortiz Maldonado's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. But, to be clear, subjecting Ortiz Maldonado to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Ortiz Maldonado receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Rony Ortiz Maldonado's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Ortiz Maldonado for an individualized bond hearing before an immigration judge or (2) release Ortiz Maldonado under reasonable conditions

of supervision.  If the respondents release Ortiz Maldonado, they shall give him telephone access so he may arrange his transportation from the facility.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on April 14, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record